DAVID F. MCDOWELL (CA SBN 125806)
DMcDowell@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone:  213.892-5200
Facsimile:   213.892-5454

ALEXANDRA E. LAKS (CA SBN 291861)
ALaks@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone:  415.268-7000
Facsimile:   415.268-7522

Attorneys for Defendant
ADIDAS AMERICA, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN DUKE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>adidas AMERICA, INC.,<br><br>Defendant. | Case No. **'18CV2081 LAB NLS**<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BY DEFENDANT ADIDAS AMERICA, INC.**<br><br>Complaint Filed:  July 3, 2018 |

## DEFENDANT ADIDAS AMERICA, INC.'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441, defendant adidas America, Inc., ("Adidas") hereby removes to this Court the state action described below, which is within the original jurisdiction of this Court and properly removed under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Christian Duke and filed with the Clerk of the Superior Court of the County of San Diego as an exhibit to a Notice of Filing. A copy of the Notice of Filing is attached hereto (without exhibits) as **Exhibit 1**.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On July 3, 2018, Plaintiff Christian Duke filed a purported class action captioned *Duke v. adidas America, Inc*, Case No. 37-2018-00033037-CU-BT-CTL, against Adidas in the Superior Court of the State of California, County of San Diego ("State Court Action").

2. Adidas was served with the State Court Action Summons and Complaint on August 8, 2018. (*See* Ex. 2D.) Adidas' removal notice is timely. *See* 28 U.S.C. § 1446(b) (removal is timely if filed within 30 days of defendants' receipt of the pleading). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Adidas in the State Court Action are attached to this Notice as **Exhibit 2**.

3. The San Diego County Superior Court is located within the Southern District of California. 28 U.S.C. § 84(d). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## ALLEGATIONS OF THE COMPLAINT

4. This action is a putative class action against Adidas on behalf of all California citizens who are current or former Adidas consumers and "whose "personal information and/or confidential information was compromised as a result of a data breach announced by Adidas on or about June 28, 2018." (Compl. ¶ 31,

attached as Exhibit 2A.) Plaintiff Christian Duke is a California citizen residing in San Diego County. (*Id.* ¶ 6.) Plaintiff alleges that Adidas collects and maintains personal information on its adidas.com website, that it undertook a duty to protect such information as confidential, and that it breached that duty by failing to implement reasonable security procedures. (*Id.* ¶¶ 3, 5.) Plaintiff claims that, as a result of Adidas' "failure to safeguard personal information" (*id.* ¶ 5), on or around June 26, 2018, Adidas disclosed that hackers breached Adidas' computer systems and accessed contact information, usernames, and encrypted passwords of consumers who made purchases via adidas.com/US (the "Incident"). (*Id.* ¶¶ 3-4.) Plaintiff also alleges that Adidas failed to timely notify Plaintiff and class members of the Incident. (*Id.* ¶¶ 30, 76.)

5. As a result of this alleged conduct, Plaintiff claims that he and class members were injured because they (i) "face years of constant surveillance of their financial and personal records, monitoring, and loss of rights" (Compl. ¶ 30); (ii) lost money and property by purchasing identity theft protection services (*id.* ¶¶ 76, 87); and (iii) are subject to an increased risk for future identity theft and fraudulent activity on their financial accounts. (*Id.* ¶ 87.)

6. Based on these allegations, Plaintiff seeks to bring claims on behalf of the following class:

> All current and former consumers who made purchases on or through Adidas.com who are California citizens and whose personal and/or confidential information was compromised as a result of the data breach announced by Adidas on or about June 28, 2018.

(*Id.* ¶ 31.)

7. The Complaint purports to state claims for: (i) negligence; (ii) breach of contract; (iii) breach of implied contract; (iv) violation of the California Customer Records Act, Cal. Civ. Code § 1798.80 *et seq.*; and (v) for unlawful and unfair business practices in violation of the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq.* Plaintiff seeks: (i) compensatory

and punitive damages (Compl. ¶ 56); (ii) "restitution for costs incurred associated with the data breach and disgorgement of all profits accruing to Adidas because of its unlawful and unfair business practices" (*id.* ¶ 89); (iii) statutory damages and statutory penalties; (*id.* ¶ Prayer for Relief, d); and (iv) attorneys' fees and costs. (*Id.* ¶ Prayer for Relief, f.)  Plaintiff also seeks equitable, injunctive, and declaratory relief. (*Id.* ¶ Prayer for Relief, c.)

8. Adidas disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff or the putative class has been harmed in any way, or that the class meets the requirements of Rule 23.  Adidas assumes the truth of the allegations for the purposes of removal only and reserves all defenses, motions, and pleas.

## BASIS FOR REMOVAL

9. This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over covered class actions in which the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5,000,000.  As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA, and may therefore be removed to this Court.  *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015); *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1152 (S.D. Cal. 2018) (action properly removed where CAFA requirements were satisfied).

10. **Covered Class Action**.  This action meets the CAFA definition of a class action: "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).  Here, Plaintiff filed the complaint as a class action pursuant to California Code of Civil Procedure section 382 and California

Rules of Court 3.765 (*see* Compl. ¶ 31) – state statutes similar to the Rule 23. The action is accordingly a covered class action.

11.  **Class Action Consisting of More than 100 Members**. Plaintiff brings this purported class action on behalf of all citizens of California "who made purchases on or through Adidas.com," and "whose personal and/or confidential information was compromised" as a result of the Incident. (Compl. ¶ 31.) Plaintiff alleges that "numerous Californians" were affected by the Incident, as California is a "larger 'base' than any other U.S. state" (*id.* ¶ 15), and that, while the exact number of class members is unknown to him, Plaintiff believes the class size is "significant." (*Id.* ¶ 33.) Queries show that approximately 2,700,415 individuals who made purchases through adidas.com/US are California residents. (*See* Declaration of Allison Kruse ("Kruse Decl.") ¶ 4.) Plaintiff alleges that all of these accounts were "compromised." (Compl. ¶ 5.) The aggregate number of putative class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

12.  **Diversity**. The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff Christian Duke is a citizen and resident of California. (Compl. ¶ 6.) adidas America, Inc. is incorporated under the laws of Oregon, and its principal place of business is in Oregon. (*See* Declaration of Kurt Tandan ("Tandan Decl." ¶ 2.) As of the time of removal, the citizenship of Adidas has not changed. Accordingly, a member of the purported class in this case—Plaintiff Christian Duke—is a citizen of a state (California) different from a defendant (Oregon), thus satisfying the diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

13.  **Amount in Controversy**. Under CAFA, the claims of individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C.

§ 1332(d)(2), (6).  "A removing defendant need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and the defendant's amount in controversy allegation should be accepted if not contested by the plaintiff or questioned by the court."  *Bryant*, 284 F. Supp. 3d at 1149 (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)).  If the amount is contested and the complaint does not specify damages, the removing defendant bears the burden of establishing the amount in controversy by a "preponderance of the evidence."  *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).  "The demonstration concerns what the plaintiff is claiming . . . not whether the plaintiff is likely to win or be awarded everything he seeks."  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).

14.  Without conceding any merit to the Complaint's allegations, causes of action or relief sought, the amount in controversy here satisfies this jurisdictional threshold.  Plaintiff seeks monetary relief in the form of: (i) compensatory and punitive damages (Compl. ¶ 56); (ii) restitution and disgorgement (*id.* ¶ 89); (iii) statutory damages and statutory penalties; (*id.* ¶ Prayer for Relief, d); and (iv) attorneys' fees and costs.  (*Id.* ¶ Prayer for Relief, f.)

15.  Plaintiff's request for damages alone exceeds the $5,000,000 threshold.  For example, Plaintiff seeks costs associated with purchasing identity theft protection services and other "remedial" measures.  (*See, e.g.*, Compl. ¶ 76.)  The average cost of identity theft protection services across six sample plans is $17.27 per month.  (*See* Decl. of Alexandra Laks ("Laks Decl.") ¶¶ 2-3, Ex. A.)  Multiplying this cost for a single month across approximately 2,700,415 class members exceeds $5,000,000.

16.  Plaintiff also demands damages for lost time associated with the "years of constant surveillance of their financial and personal records, monitoring, and loss of rights."  (Compl. ¶ 30.)  The estimated cost of such damages exceeds the $5,000,000 threshold as well.  If Plaintiff's and putative class members'

"surveillance and monitoring" time is valued at the California minimum wage ($11.00 per hour),[1] and the "constant" "surveillance and monitoring" is estimated as just one hour per class member, the potential amount in controversy exceeds $15 million (1 hour x $11.00 per hour x 2,700,415 putative class members = $29,704,565).

17.   Plaintiff also requests punitive damages in connection with his negligence claim.  (*See* Compl. ¶ 56.)  Punitive damages are considered part of the amount in controversy.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-701 (9th Cir. 2007) (punitive damages properly considered in amount in controversy).  Punitive damages may be awarded for negligence in the context of data breach litigation.  *Cf. In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1148-49 (N.D. Cal. 2018) (denying dismissal of punitive damages claims for alleged negligence, breach of implied good faith and fair dealing, and violations of the Consumer Records Act in relation to security breach).  Considering Plaintiff's alleged actual or compensatory damages in connection with Plaintiff's request for punitive damages, the amount in controversy is more than satisfied.

18.   Plaintiff's request for restitution and disgorgement "of all profits accruing to Adidas because of its unlawful and unfair business practices" (Compl. ¶ 89), statutory damages, and attorneys' fees further pushes Plaintiff's claims above the $5,000,000 threshold.  *See, e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942-43 (9th Cir. 2001) (attorneys' fees are properly included in the amount in controversy in a class action).  While Adidas disputes that it is liable to Plaintiff or the putative class, or that Plaintiff or the putative class suffered injury or incurred

---

[1] *See* Minimum Wage, State of California Department of Industrial Relations, https://www.dir.ca.gov/dlse/faq_minimumwage.htm (last accessed Septenber 5, 2018).

damages in any amount, for purposes of CAFA, the matter in controversy exceeds $5 million.

19. **No CAFA Exclusions**.  The action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because Adidas is not a citizen of the State of California, the state in which the action was filed.  Because no other exclusion applies, this action is removable pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453(b).

## DEMAND FOR JURY TRIAL

20. Adidas demands trial by jury on all issues raised in this action upon which a jury trial is permitted.

## CONCLUSION

21. For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d).  Accordingly, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

WHEREFORE, Defendant Adidas gives notice that the above-described action pending against it in the Superior Court of the County of San Diego, California, is removed to this Court.

Dated:  September 7, 2018

DAVID F. MCDOWELL
ALEXANDRA E. LAKS
MORRISON & FOERSTER LLP


By:  */s/ David F. McDowell*
      DAVID F. MCDOWELL

Attorneys for Defendant
ADIDAS AMERICA, INC.